UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| DONALD DOMINICK | * | CIVIL ACTION NO: | DIV: |
| v. | * | | |
| CAPTAIN TODD BARRERE; SERGEANT CLARK; SERGEANT WHITE; LIEUTENANT PATRICK COCHRAN; and LIEUTENANT CAMP | * * | JUDGE MAGISTRATE JUDGE | |

*********************************************

**COMPLAINT FOR DAMAGES**

Now into court, through undersigned counsel, comes **DONALD DOMINICK** for all injuries incurred as a result of the actions of defendants in deliberate indifference to constitutional rights or other causes as follows:

1.

Jurisdiction and Venue The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1331 "Federal Question" and accordingly plaintiff specifically seeks relief pursuant to the 28 USC § 1983 for injuries, damages and other losses as well as supplemental jurisdiction pursuant to 28 USC § 1367 over all state law claims.

2.

Venue is proper pursuant to 28 USC § 1391 (b)(D(2) in that the Plaintiffs and Defendants reside and are located in Iberville Parish at the time of the incident and the events or omissions giving rise to the claims herein occurred at EHCC which is within this judicial district.

3.

Parties

**PLAINTIFF:**

**DONALD DOMINICK** is a major who is currently incarcerated in the Elayn Hunt Correctional Center, DOC #436776, and who was an inmate at that facility where he was attacked and injured.

**DEFENDANTS:**

**CAPTAIN TODD BARRERE**, is a major, who is employed by the Elayn Hunt Correctional Center and who was acting within the course and scope of his employment during all material times herein and under the color of state law.

**SERGEANT CLARK**, is a major, who is employed by the Elayn Hunt correctional Center and who was acting within the course and scope of his employment during all material times herein and under the color of State law.

**SERGEANT WHITE**, is a major, who is employed by the Elayn Hunt Correctional Center and who was acting within the course and scope of his employment during all material times herein and under the color of State law.

**LIEUTENANT PATRICK COCHRAN**, is a major, who is employed by the Elayn Hunt correctional center and who was acting within the course and scope of his employment during all material times herein and under the color of State law.

**LIEUTENANT CAMP**, is a major, who is employed by the Elayn Hunt Correctional Center and who was acting within the course and scope of his

employment during all material times herein and under the color of State law.

4.

GENERAL ALLEGATIONS

On January 8, 2012, the Plaintiff was a doc inmate housed at the EHCC.

5.

On January 8, 2012, around 5:00 pm. while housed in a working cell on A tier Sgt. Clark was escorting Dominick back to his cell during which time Sgt. Clark grabbed himself in a sexual gesture.

6.

Upon acknowledging the insult, Sgt. Clark then inappropriately touched the Dominick, who reacted physically to reject Sgt. Clark. A tussle ensued.

7.

Sgt. McCoy arrived the Plaintiff was taken down and cuffed.

8.

Sgt. White and Lt. Camp and, possibly, Major Brown, escorted Dominick to Beaver 2, the lock down unit and placed him on the unit shower D-Tier. Camp and White guards left the tier, but later returned.

9.

Dominick was searched and given a white jumpsuit

10.

Lt. Camp returned with multiple cans of a chemical weapon and Lt. Cochran, captain Barrere sprayed the Plaintiff with several cans.

11.

M. Sgt. White came back and Lt. Camp announced loudly that the Plaintiff was beating his head on the shower floor, which was untrue. Dominick was screaming about his eyes.

12.

After Officer caused the Dominick to we dampened with the shower, Captain Barrere and/or Lt. Cochran hit the Plaintiff multiple times with an electric shield until Dominick was rendered unconscious.

13.

Lt. Cochran, Sgt. White and Lt. Camp had sticks when they entered the shower which weapons they used to strike the Plaintiff during the time that Captain Barrere was utilizing the electric shield. The guards kicked Dominick.

14.

All the while, guards are loudly announcing "Stop Resisting".

15.

Dominick is in restraints handcuffed to a waist chain.

16.

Dominick was begging for help before he went silent.

17.

One or more of the guards may have covered Dominick's mouth and nose with his hand to stop Dominick from screaming.

18.

When Dominick regained consciousness, these same officers slapped the Dominick and Captain Barrere struck Dominick in the head with the electric shield.

19.

A social worker was called. There was a determination made that Dominick was suicidal.

20.

Dominick was drug from the shower and placed elsewhere.

21.

At some point, Lt. Patrick Cochran may have intervened.

22.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

23.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, lac 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

> A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

24.

The Regulations enacted by the Secretary include Department Regulation no. c-02-006 (12), addressing the use of chemical agents, as follows:

A. Chemical agents... shall not be used as punishment under any circumstances and may be used against an offender... only in the following circumstances:

1) To quell a riot and/or prevent loss of life, serious injury to persons(s) and/or extensive destruction of property;

2) to quell a disturbance that could lead to a serious situation which may jeopardize the safety, security and good order of the institution; or

3) to regain control of the institution or part of it.

B. The use of chemical agents, ... is considered a use of force. When used, only the minimum amount of force necessary to control the situation shall be used. . . .

C. A determination for corporate or mass use of chemical agents, . . . shall be made by the warden or designee . . .

D. Chemical agents, . .. shall not:

1) Be used on those offenders who remain passive in their cells without causing a disturbance or becoming hostile **unless the offender continuously defies orders to come to the bars of the cell**, a determination for use under these circumstances, or against an individual offender, should be made by the highest ranking supervisor on duty in the area where the incident is occurring.

2) Be used on those offenders who are incapable ...

3) Whenever possible under prevailing circumstances, be used against offenders assigned to an area designated as a Mental Health Treatment unit until a qualified medical or mental health worker is present and has attempted to control the situation unless it is necessary to prevent loss of life, serious injury to person(s) or extensive property damage.

25.

Suicide and its prevention are matters regulated by the Louisiana Department of corrections through Health Care Policy No. HC - 38.

26.

Suicide watch may not be used as a pretext to injure an inmate.

27.

EHCC is requires to have a suicide prevention plan that the guards must follow.

28.

"Management of self-destructive and suicidal inmates is conducted under the supervision and direction of a qualified medical person or a qualified mental health persons so as to enhance each institution's ability to prevent suicides." Screening and assessment for suicide requires each guard who may believe an inmate to be a suicide risk to complete an hc-38 form to report a potential suicide risk.

29.

No HC-38 was completed. No qualified mental health person was summonsed. A social worker, as a matter of law, is not a qualified mental health person.

30.

Initial screening of all "intra-system transfers" for suicide risk must be performed by "a mental health professional, or by mental health trained personnel". HC-38 (1)(A).

31.

Whenever possible, suicide precautions will be instituted by mental health professionals. When an inmate is placed on watch by a nonmentai health professional, mental health must be notified immediately to assess the inmate. HC-38 (2KB).

32.

There is no cause to remove an inmate's clothing unless the standard issue clothing presents a medical risk or security risk. Provisions are to be made to supply the inmate with a security garment to prevent humiliation and degradation. HC - 38 (2)(D).

33.

There is no policy that allows guards to subject an inmate to a shower as a means of confinement or otherwise and same constitutes torture.

34.

Extreme watch and use of medical restraints may only be implemented after a initial assessment and determination by the Medical Director or the designee. HC - 38 (2)(i)

35.

Use of chemical weapons by a guard must be captured by video camera upon the order of the unit Supervisor, unless the incident requires immediate response.

36.

Prior to the use of chemical weapons, the guard must begin the video with a

verbal introduction and explanation before the application of the chemical agent. The video taping must be continuous and uninterrupted.

37.

All chemical agents must be checked-out and weighed before the seal is broken and all canisters must be reweighed after use and same recorded in a logbook.

38.

Guards failed to have a mandatory HC-38 Form b "Mental Health Management Order" indicating that an evaluation of inmate had been performed for "Standard" suicide watch.

39.

The practice of allowing social workers to perform mental competency evaluations prior to committing an inmate to suicide watch is prohibited by La. R.S. 37:2703 (b). See also, La. R.S. 37:2352.

40.

Beating an inmate who is in full restraints and begging for mercy is per se unreasonable behavior.

41.

Using electrical shock on an inmate who is in full restraints is per se unreasonable behavior.

42.

In the alternative, these guards have similarly attacked other inmates.

43.

In the alternative, where the guards or other guards may have committed the same acts on other inmates that is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee. All rights are reserved herein to name additional defendants pending discovery.

44.

It was unreasonable for Defendant(s) to use force on Plaintiff when he was not resisting and when he was no longer resisting or attempting to flee or, otherwise, commit any crime.

45.

Use of force was unnecessary and excessive to any need and/or there was no need for use of force under the 4th and 8th Amendments and the circumstances presented.

46.

Whether there was other policy and practice in place at the EHCC pertaining to the use of force, which policy was violated and which caused or contributed to the injuries, is unknown at this time.

47.

In the alternative, it was unreasonable to implement, post and follow an ineffective policy and/or fail to follow an effective policy.

48.

One or more of the Defendants acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

49.

Violating numerous inmates rights and failure to follow rules and regulations implemented for the protection of inmates constitutes deliberate indifference.

50.

In the alternative, where the guards may have committed the same acts on other inmates is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee, same would evidence a callous indifference and repeated actions warranting punitive damages. All rights are reserved herein to name additional defendants pending discovery.

51.

The following claims for relief are pled collectively and in the alternative.

52.

**INJURIES**

The Plaintiff suffered acute injury and multiple serious and prolonged injury which include but are not limited to his arm, neck, back, ribs, back of legs, and face, inhalation, discomfort, humiliation, burning of respiratory system, pain and suffering, mental and emotional injury, medical and pharmaceutical expenses, and lost wages.

53.

**FIRST CLAIM FOR RELIEF**

SECTION 1983 VIOLATION OF CIVIL RIGHTS

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983.

Under the color of State and local law, Defendants violated the Plaintiffs 4th, 8th and/or 14th Amendment right to be free from use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by the Defendants.

54.

Guards are prohibited by state law from using corporal punishment on prisoners. La. R.S. 15:829.

55.

Use of corporal punishment was prohibited and/or force was unnecessary and/or excessive to any need and/or there was no need for use of force under the 4th or 8th Amendment and the circumstances presented.

56.

The guards violated multiple state laws and rules and regulations.

57.

The conduct of the Defendants was extreme and outrageous.

58.

Defendants acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

59.

**SECOND CLAIM FOR RELIEF COSTS AND ATTORNEY FEES**

Plaintiffs seek relief in the form of attorney's fees and cost pursuant to 42 use Â§ 1988 and punitive damages pursuant to 28 USC § 1983.

60.

**REQUEST FOR JURY TRIAL**

Plaintiffs pray for a jury trial on all issues.

Wherefore, Plaintiffs pray that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiffs against the defendants with legal interest from the date of demand as follows:

a. Physical pain and suffering;

b. Property damage and loss;

c. Physical injuries;

d. For emotional and mental distress, pain and suffering, humiliation, embarrassment and loss of employment opportunities;

e. Medical, hospital and pharmaceutical bills and services past, present, and future;

f. inconvenience;

g. Lost wages;

h. All litigation expenses;

i. For attorneys fees and for costs as may be allowable by law; and j. For such other relief that the Court may deem just, equitable, or proper.

Respectfully submitted:

s/ Donna u. Grodner

Donna U. Grodner (20840)
Marcus J. Plaisance (33316)
Blake S. Leger (32251)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919
FAX (225) 769-1997