UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD DOMINICK

CIVIL ACTION

VERSUS

NO. 12-497-JJB-RLB

CAPTAIN TODD BARRERE, ET AL.

### RULING ON MOTIONS IN LIMINE

This matter is before the Court on the following motions: (1) the defendants' Motion [doc. 59] in Limine to Exclude Testimony of Witnesses Roland Lewis, Daniel Bellard, and Kennedy Jackson; and (2) the defendants' Motion [doc. 60] in Limine to Exclude Enumerated Plaintiff's Exhibit Lists. The plaintiff opposed both motions. (Docs. 63 & 64). The Court will deal with these motions seriatim.

1. **Motion in Limine to Exclude Testimony of Witnesses Roland Lewis, Daniel Bellard, and Kennedy Jackson (Doc. 59)**

    Initially, the defendants seek to exclude the testimony of Roland Lewis, Daniel Bellard, and Kennedy Jackson, as these witnesses will only testify to "[o]ther instances where Major Barrere has sprayed chemicals in the mouth or anus of an inmate." (Doc. 59-1, p. 1). The defendants contend that there is no provision of the Federal Rules of Evidence that would allow these witnesses to testify as to other instances. But, the plaintiff contends that these witnesses' testimony is "highly relevant to punitive damages and shows that Barrere has a disregard for the federally protected rights of inmates." (Doc. 63, p. 1). Additionally, the plaintiff avers that the evidence is "relevant as to the amount of punishment and/or monetary damages that may be necessary to deter someone such as Barrere." *Id.*

    "In *Smith v. Wade*, the Supreme Court held that a jury may award punitive damages in a federal civil rights action based on 42 U.S.C. § 1983 'when the defendant's conduct is shown to

1

be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Lincoln v. Case*, 340 F.3d 283, 291 (5th Cir. 2003) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Nevertheless, the only plaintiff before this Court is Donald Dominick, and the Court is only looking at the incident that allegedly occurred on January 8, 2012. Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." This Court fails to see how evidence of alleged prior conduct of Major Barrere goes to show that his specific, alleged conduct as to the plaintiff was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of the plaintiff. *Id.* (quoting *Smith*, 461 U.S. at 56). Regardless of how the plaintiff attempts to couch it, this evidence would only be used to prejudice the jury and attempt to "prove [Major Barrere's] character in order to show that on a particular occasion [he] acted in accordance with the character." Fed. Rule Evid. 404(b). Accordingly, the Court finds that the testimony of Roland Lewis, Daniel Bellard, and Kennedy Jackson is inadmissible.

2.  **Motion in Limine to Exclude Enumerated Plaintiff's Exhibit Lists (Doc. 60)**

The defendants also seek to exclude a plethora of the plaintiff's exhibits listed in the joint pre-trial order. (Doc. 57). After review, the Court will defer ruling on the admissibility of the majority of these exhibits until the trial on the merits, when this Court can better assess the admissibility of these items based on the plaintiff's use at the trial.

Nevertheless, the Court does find that the following exhibits are inadmissible hearsay: (1) Affidavit of Adrian Almadovar, (2) Affidavit of LaShawnda Horne, (3) Affidavit of Frank Johnson, and (4) Affidavit of Jonathan Roundtree. The plaintiff contends that these documents

contain "statements of a party opponent in a personal or representative capacity." (Doc. 64, p. 2). However, these four individuals are not parties to the suit and do not act in a representative capacity for any of the five defendants. It is true that some of these affidavits contain statements made by the defendants. Nevertheless, Rule 805 of the Federal Rules of Evidence provides that "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." While the affidavits may contain statements made by a party opponent, these non-party affidavits—in and of themselves—are hearsay. The plaintiff has failed to show how the affidavits qualify for an exclusion or exception to hearsay, and this Court cannot otherwise find an applicable hearsay exception or exclusion. Accordingly, the affidavits from Adrian Almadovar, LaShawnda Horne, Frank Johnson, and Jonathan Roundtree are also inadmissible.

Therefore, the Court (1) **GRANTS** the defendants' Motion [doc. 59] in Limine to Exclude Testimony of Witnesses Roland Lewis, Daniel Bellard, and Kennedy Jackson; and (2) **GRANTS IN PART AND DENIES IN PART** the defendants' Motion [doc. 60] in Limine to Exclude Enumerated Plaintiff's Exhibit Lists, so that the affidavits of Adrian Almadovar, LaShawnda Horne, Frank Johnson, and Jonathan Roundtree are inadmissible.

Signed in Baton Rouge, Louisiana, on February 28, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**