UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD DOMINICK

VERSUS

TODD BARRERE, ET AL.

CIVIL ACTION

NO. 12-497-JJB

## RULING

The Motion for a New Trial and, in the alternative, a Renewed Motion for Judgment as a Matter of Law (doc. 154) was filed with this Court on behalf of Defendants, Todd Barrere and Patrick Cochran. All responsive briefs have been considered.

## LAW AND ANALYSIS

### A. Motion for New Trial

It is within the "sound discretion of the trial court" to determine whether to grant or deny a motion for new trial. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir.1998). Although the rule does not specify the exact grounds for granting a new trial, Rule 59(a) allows a court to grant a new trial if it "finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *See Smith v. Transworld Co.*, 773 F.2d 610, 613 (5th Cir.1985) (citing *Reed Bros., Inc. v. Monsato Co.*, 525 F.2d 486, 499–50 (8th Cir.1975)).

Ultimately, the court must view the evidence in "a light most favorable to the jury's verdict, and the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson v. Wal–Mart Stores*, 978 F.2d 205, 208 (5th Cir.1992) (citing *Jones v. Wal–Mart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir.1989)).

## B. Application

Defendants cite two grounds in support of their motion for new trial: (1) legal error during trial and (2) jury passion and error (doc. 154-1, at 1).

As to the legal error, Defendants urge that the Court erred in refusing to give the Defendants' affirmative defense of qualified immunity in the jury charges and verdict form. *Id*. Once the qualified immunity defense is pled, the Plaintiff's burden is to rebut the defense in a two-step process. First, taking the facts in the light most favorable to Plaintiff, Plaintiff must show that Defendants' conduct violated Plaintiff's constitutional rights. Whether there was excessive force used in violation of Plaintiff's Eighth Amendment rights was presented to the jury, who found that Defendants did use excessive force. Second, the Plaintiff must show that the Defendants' actions were objectively unreasonable in light of clearly established law at the time of the violation. Defendants agree about the clarity of the law as it relates to the second factor in that the use of excessive force violates the Eight Amendment if it is applied maliciously or sadistically. *Id.* at 2-3.

The jury found that there was a constitutional violation due to the use of excessive force, and all parties agree that the law was clearly established at the time of the incident. If the issue of qualified immunity is not resolved before the trial, the Court *may* submit the defense to the jury to determine the objective legal reasonableness of official's conduct by construing facts in dispute. *Porter v. Epps*, 659 F. 3d 440, 445 (5th Cir. Sept. 28, 2011). In light of the clearly established law and the fact that the jury was presented with the question of whether there was a constitutional violation by use of excessive force, the Court did not commit legal error in choosing not to include additional instruction on the defense of qualified immunity. Defendants cite to *Waganfeald v. Gusman*, 674 F.3d 475, 483-84 (5th Cir. 2012) as standing for the

proposition that the trial court *must* send the question of qualified immunity to jury if the matter is not decided before trial. However, this argument is unconvincing. The case is not only factually distinct from that before this Court, but the information about necessarily sending the qualified immunity issue to the jury is simply *dicta*.

As to jury passion and error, Defendants assert the following: (1) the $2,500 compensatory damages award was excessive; (2) the jury's verdict resulted from passion and prejudice; (3) the jury's verdict concerning the use of force is fatally inconsistent; (4) the verdict on liability is against the weight of the evidence; (5) the punitive damages award is clearly excessive (doc. 154-1, at 1-2). As Defendants note, a number of Plaintiff's witnesses changed their testimony in trial from what they had previously asserted in various formats to the Plaintiff. The anticipated testimony before trial was in favor of Plaintiff. The Defendants do not make a clear argument for how Plaintiff's witnesses changing their testimony to no longer support the Plaintiff's allegations somehow caused prejudice to the Defendants. The Defendant has not supported its argument and therefore not satisfied its burden for a new trial with regard to the following asserted grounds for a new trial: jury passion and prejudice, inconsistent verdict concerning the use of force, and verdict of liability is against the weight of the evidence. The Court denied granting a new trial on these grounds.

As to jury passion and error, the two remaining arguments asserted by Defendant surround the amount of damages, both compensatory and punitive, found by the jury. Defendants argue that the award of $2,500 for compensatory damages is legally excessive, as in it "shocks the conscience." Defendants note that compensatory damages cannot be awarded for a violation of a right absent proof of actual injuries (doc. 154-1, at 9). Defendants continue by restating the injuries complained of and observed when Plaintiff was taken to the Assessment

and Triage Unit on the day of the incident. After stating the injuries, Defendants simply conclude that the injuries resulted from a prior fight with a Corrections Officer. *Id*. at 10. The jury is the finder of facts and they were left with the question of whether Defendants used excessive force. Additionally, after finding excessive force was used, the jury was left to define the amount of damages that would compensate Plaintiff's injuries. Defendants' argument falls far below its burden to show that the evidence points so strongly in favor of one party that the court finds the jury's verdict or damages unreasonable. The Defendants argument for a new trial based on excessive compensatory damages is denied.

With regard to awarding actual damages, the jury need not consider actual damages. Instead, as the Defendants notes, the jury may award punitive damages for a violation of a plaintiff's constitutional rights only when a defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. In considering whether the punitive damages are excessive, the Court is to consider (1) the degree of reprehensibility, (2) the disparity between harm suffered (compensatory damages) and the punitive damages awarded, and (3) the possible sanctions comparable conduct. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996).

Reprehensibility is the factor that is the strongest to consider. Defendants argue that there was no evidence of reckless indifference toward Plaintiff's constitutional rights because there was no evidence of deceit or a cover-up, but instead they were simply doing their duty as Correctional Officers (doc. 154-1, at 11). This argument is simply an attempt to argue with the jury's finding that excessive force, beyond the duty of a Correctional Officer was used. The lack of evidence of a cover-up does not mean the jury was unable to find that actions reprehensible. With regard to the ratio between compensatory damages of $2,500 and punitive damages of

$2,500, the Defendants argue that the punitive damages were excessive based on the Defendants' actions having been taken in good faith (doc. 154-1, at 12). The jury has already considered and disregarded this argument in finding that the Defendants used excessive force in violation of Plaintiff's Eight Amendment right. Third, Defendants point this Court's attention to state laws imposing civil and criminal penalties as indicative of what amount of damages would not have been excessive (doc. 154-1, at 14). Defendants cite to Louisiana law on simple assault and simple battery where the civil penalties range from $200-$1,000. What state law permits as a civil penalty for the offense of simple battery and simple assault does not define what is or is not excessive for punitive damages with regard to a violation of one's Eighth Amendment right protecting from excessive force. Again, Defendants' arguments do not satisfy the high burden for this Court granting a new trial on the matter of punitive damages awarded.

## **CONCLUSION**

The Court finds that Defendants did not carry their burden in demonstrating why a new trial should be granted. Similarly, for the reasons stated above, the Court also does not find that Defendants are entitled to a judgment as a matter of law. Therefore, Defendants' Motion (doc. 154) for a New Trial, or alternatively for a Motion for Judgment as a Matter of Law is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 23, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**