UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD DOMINICK

CIVIL ACTION

VERSUS

NO. 12-497-JJB-RLB

CAPTAIN TODD BARRERE, ET AL.

**RULING**

This matter is before the Court on cross motions filed by the parties. The defendants,

Captain Todd Barrere and Lieutenant Patrick Cochran, filed an Ex Parte Motion to Stay

Proceedings Pending Appeal (Doc. 168), and the plaintiff, Donald Dominick, filed a Motion to

Make Judgment Executory and Examine Judgment Debtor (Doc. 169). The Court construed the

defendants' motion as a motion to stay execution of the judgment without posting a supersedeas

bond. For that reason, the Court entered an order for the parties to brief the application of Federal

Rule of Civil Procedure, particularly Rule 62(d), to this matter. Doc. 171. In response, the

defendants filed a supporting memorandum (Doc. 172), and the plaintiff filed an opposition

(Doc. 173) and a supplemental opposition (Doc. 176). Oral argument is unnecessary. The

Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the

defendants' Motion to Stay Proceedings Pending Appeal (Doc. 168) is **GRANTED** without the

defendants having to post a supersedeas bond, and the plaintiff's Motion to Make Judgment

Executory and Examine Judgment Debtor (Doc. 169) is **DENIED**.

## I.     Background

The plaintiff, an inmate at Elayn Hunt Correctional Center, filed a suit seeking relief

under 42 U.S.C. § 1983 for alleged violations of his "4th, 8th and/or 14th Amendment right to be

free from use of corporal punishment, unnecessary and/or excessive force while being seized

and/or detained by the Defendants." *Compl.* ¶ 53, Doc. 1.  Following a jury trial, and in accordance with the jury's verdict, judgment was entered in favor of the plaintiff and against defendants, Captain Barrere and Lieutenant Cochran (the "defendants"). [1] *J.*, Doc. 152.  The judgment awarded the plaintiff damages on his 8th Amendment excessive force claim as follows:

Compensatory damages against Todd Barrere and Patrick Cochran:          $ 2,500

Punitive damages against Todd Barrere:                                                     $ 1,250

Punitive damages against Patrick Cochran:                                                $ 1,250

*Id.*  Following the judgment, the defendants filed a Motion for New Trial and alternatively Motion for Judgment as a Matter of Law.  Doc. 154.  Both motions were denied.  Doc. 163.  On July 15, 2015, the defendants filed a Notice of Appeal.  Doc. 164.

In summary, the defendants argue that execution of the judgment *must* be stayed pending resolution of the appeal in accordance with Federal Rule Civil Procedure ("Rule") 62(f) ("Stay in Favor of a Judgment Debtor Under State Law"), and that execution of the judgment *should* be stayed pursuant to Rule 62(d) ("Stay with Bond on Appeal").  *Defs.' Supp. Mem.* 2, Doc. 172. Additionally, the defendants claim that Louisiana's Office of Risk Management ("ORM") is authorized to pay the defendants' judgment through the Self-Insurance Fund.  *Id.* at 6.  The plaintiff, however, argues that Rule 62(f) does not apply because the judgment is not a lien under state law; the defendants have not met their burden under Rule 62(d); and the bond requirement should not be waived because ORM is not statutorily or constitutionally authorized to pay the defendants' judgment.  *Pl.'s Opp'n Mem.*, Doc. 173.

---

[1] The claims against William Clark, Richard Camp, and Craig White were dismissed. *J.*, Doc. 152.

II.    **Discussion**

Rule 62(d) provides in pertinent part: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond[.] The bond may be given . . . after filing the notice of appeal[.]  The stay takes affect when the court approves the bond."  Therefore, Rule 62(d) allows a party to stay execution upon furnishing a supersedeas bond.

a.    *Discretion to Waive the Bond Requirement*

In requesting that this Court waive the bond requirement under Rule 62(d), the defendants rely upon the ability of ORM, through the Self-Insurance Fund, to pay the judgment rendered against them. The defendants provided an affidavit of J.S. "Bud" Thompson, Jr. ("Thompson"), the State Risk Director. *Thompson Aff.*, Doc. 172-1. According to Thompson, the defendants are indemnified by the State of Louisiana for compensatory damages through the Self-Insurance Fund administered by the ORM. *Id.* at ¶ 4. Therefore, payment of the judgment, if upheld, on appeal, will be made through the Self-Insurance Fund. *See id.*

Although some courts view Rule 62(d) as requiring a bond in order to stay execution, several circuit courts have recognized that the district courts have some discretion to allow a stay without posting a bond.  *See, e.g.*, *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 797 (7th Cir. 1986) ("Rule 62(d) does not impose an ironclad requirement of a supersedeas bond, and makes the issue one of adequacy of the alternative security that the district judge allowed the defendant to post."); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 757–58 (D.C. Cir. 1980) ("Rule 62(d) only operates to provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond, and does not prohibit the district court from exercising sound discretion to authorize unsecured stays in cases it considers

appropriate."). The Fifth Circuit, in *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979), held that the district court has discretion to allow a stay without posting a bond if (1) the judgment debtor "demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of appeal" or (2) "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden[.]" 600 F.2d at 1191. In such cases, the court is "exercis[ing] discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond" thereby "furnish[ing] equal protection for the judgment creditor." *Id.*

The Seventh Circuit, in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988), provided five factors to be considered in determining whether the district court should utilize its discretion to allow a stay without posting a bond. The *Dillon* factors are as follows:

> (1) [T]he complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money' . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position . . . .

866 F.2d at 904–05. Although the *Dillon* factors are more numerous than those enumerated in *Poplar*, the *Dillon* factors take into account similar bases for the district court's utilization of its discretion as were considered by the Fifth Circuit. For example, factors four and five of *Dillon* are similar to the two exceptions relied on in *Poplar*. Additionally, some district courts within the Fifth Circuit have referenced or applied the *Dillon* factors to their Rule 62(d) determination. *See Superior Derrick Servs., LLC v. Lonestar 203*, Civil Action No. 6:09-0484, 2012 WL

4094513 (W.D. La. Sept. 17, 2012); *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, No. CIV.

A. 96-4023, 1998 WL 43140 (E.D. La. Feb. 3, 1998).

In this case, the defendants have not explicitly discussed the two exceptions enumerated

in *Poplar* but, instead, they have focused on the five *Dillon* factors. As discussed above, the

*Dillon* factors adequately address the Fifth's Circuit's standard for a district court's discretion to

waive the bond requirement. The plaintiff did not address the Court's discretion under Rule

62(d), nor the applicability of the *Dillon* factors to this case. In discussing the *Dillon* factors, the

defendants state:

> [T]he payment process is not complex, payments of judgments customarily takes
> less than forty-five (45) days to receive upon finality, [ORM] has paid
> $5,663,612.43 in final judgments for the fiscal year of 2014-2015, and that
> insurance coverage provided to the defendants for the above mentioned damages
> by [ORM] provides liability limits of $5,000,000.00 per occurrence which greatly
> exceeds the judgment rendered in this litigation.  This evidence shows that the
> defendants' ability to pay the judgment is so plain that the time and cost of a bond
> would be a waste of resources.

*Def.'s Supp. Mem.* 6, Doc. 172. Based on this information, the small amount of the judgment,

and ORM's assurances that it will pay the defendants' judgment, the Court finds that there is

sufficient alternative security to utilize its discretion to waive the bond requirement.

    b.   *ORM's Authority to Pay the Judgment*

The plaintiff asserts that ORM is not constitutionally or statutorily authorized to pay the

judgment in this case without Legislative approval and appropriation. *Pl.'s Opp'n Mem.* 3, Doc.

173 (discussing La. Const. art. VII § 10(C), La. R.S. 39:1527, and La. R.S. 39:1535). It follows,

therefore, that the Court should not waive the bond requirement because, without ORM, the

defendants have not provided an adequate alternative security.

Louisiana law provides indemnification for officers and employees of the state.[2] According to the Louisiana Constitution, such indemnification requires Legislative appropriation: "No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds *appropriated therefor by the legislature* or by the political subdivision against which the judgment is rendered." La. Const. art. XII, § 10(C) (emphasis added). The Louisiana legislature has set forth the duties and responsibilities of the ORM, and has appropriated funds to the Self-Insurance Fund to be used in certain circumstances. Among the duties and responsibilities of ORM is "negotiation, compromise, and settlement of all claims against the state or state agencies covered by the Self-Insurance Fund[.]" La. R.S. 39:1535(B)(6). Additionally, the Legislature appropriated monies to the Self-Insurance Fund to be used for the payment of certain losses. La. R.S. 39:1533 states in pertinent part: "This fund shall be used *only for the payment of losses incurred by state agencies under the self-insurance program . . . .*" (emphasis added).

Here, the Louisiana Constitution does not prohibit ORM from paying the defendants' judgment through the Self-Insurance Fund. Consistent with the cited constitutional provision, the Louisiana legislature *has* specifically appropriated monies to ORM's Self-Insurance Fund to be used in accordance with ORM's duties and responsibilities and the fund's enumerated purposes.

Additionally, ORM has the statutory authority to pay the defendants' judgment. ORM's charging statute specifically authorizes the agency to "negotiat[e], compromise, and settle[] all

---

[2] "The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint, or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office, [or] employment with the state . . . ." La. R.S. 5108.1(A)(1). A "covered individual" includes an official, officer, or employee holding office or employment in the executive branch of state government or in any department, office, division, or agency thereof. *Id.* at 5108.1(E)(1).

claims against the state or state agencies covered by the Self-Insurance Fund[.]" La. R.S. 39:1535(B)(6). Although the statute does not state whether ORM's authority is limited to "negotiation, compromise, and settlement," it does explicitly state that the enumerated duties and responsibilities of ORM are nonexclusive. *Id.* at (B) ("The duties and responsibilities of the office of risk management shall *include but not be limited* to the following:" (emphasis added)). ORM's payment of an amount reached in settlement is functionally equivalent to ORM's payment of a final judgment through the Self-Insurance Fund. In this case, the judgment rendered against the defendants is relatively small and Thompson, the State Risk Director, has submitted an affidavit stating that the defendants' compensatory damages are subject to being indemnified by the State of Louisiana through the ORM-administered Self-Insurance Fund. The Court rejects the plaintiff's argument that ORM is prohibited from paying the judgment under Louisiana law.

Therefore, pretermitting the application of Rule 62(f), the Court utilizes its discretion under Rule 62(d) to grant the defendants' request to stay execution of the judgment without having to post a supersedeas bond.

## III.    Conclusion

For the reasons stated herein, the defendants' Motion to Stay Proceedings Pending Appeal (Doc. 168) is **GRANTED** without the defendants having to post a supersedeas bond, and the plaintiff's Motion to Make Judgment Executory and Examine Judgment Debtor (Doc. 169) is **DENIED**.

Signed in Baton Rouge, Louisiana, on December 1, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**